## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | : | Case No. 17-61982 |
| | : | |
| Joseph A. Cipriani | : | Chapter 13 |
| | : | |
| Debtor | : | Judge Russ Kendig |
| | : | |
| | : | OBJECTION TO THE |
| | : | DEBTOR'S PLAN |

Now comes Richland Bank, a Division of The Park National Bank, (hereinafter Richland Bank) and files its objection to the Debtor's Plan for the reason that the Plan fails to comply with the provisions of 11 USC § 1325(a)(5). The Debtors income is insufficient to support a valid plan, so this case should be dismissed for reasons stated below.

Respectfully submitted,

ERIC S. MILLER (#0003166)
Attorney for Plaintiff
13 Park Avenue West, Ste. 608
Mansfield, Ohio 44902
Telephone: (419) 522-6262
Email: ericmiller@neo.rr.com

1

## MEMORANDUM IN SUPPORT

The key facts in this case are as follows:

1) Richland Bank holds a first mortgage loan on the Debtor's residence and that residence is the only security for it's loan.

2) The Debtor discharged his debt to Richland Bank in a previous Chapter 7 proceeding in this Court, being Case No. 08-bk-60938.

3) The Debtor did not reaffirm his mortgage indebtedness with Richland Bank.

4) While the Debtor has no personal liability to Richland Bank, Richland Bank has an in rem judgment upon its first mortgage and against the Debtor's residential real estate in the amount of $86,810.28 plus interest at 4.875% per annum from February 2, 2017 plus over $2,000.00 in court costs in that proceeding, Richland County Common Pleas Court Case No. 2017 CV 0134 R. A judgment decree of foreclosure was rendered in that case and the matter was in the hands of the Richland County Sheriff to schedule a foreclosure sale. See Judgment Decree of Foreclosure, a copy of which is attached to this Objection as Exhibit A.

5) The Debtor's financial disclosure and proposed Plan indicate that he is totally incapable of paying the Richland Bank Mortgage in full within the lifetime of this Chapter 13 proceeding in equal monthly payments.

The Debtor's Plan proposes to cure a mortgage "arrearage" to Richland Bank but the Debtor does not personally owe the debt and thus has no ability to reinstate the debt. The debt is discharged and even if he were able to pay Richland Bank $12,000 during the life of the Plan, in addition to a monthly mortgage payment, it would not be enough to pay Richland Bank's mortgage in full in within the life of the Plan.

This Objection to the Debtor's Plan is ample evidence that Richland Bank

2

will not waive its rights and consent to the Debtor's Plan and absent such consent the Debtor must be able to fund a Plan that would pay the total amount of the Judgment with any accruing interest and court costs within the term of the plan. Even if the Plan were amended to provide for 60-months rather than 36-months it would not qualify for confirmation. The Bankruptcy Abuse Prevention and Consumer Protection Act requires that Richland Bank's lien must now be paid in full within the life of the plan in equal monthly installments, otherwise the Plan does not qualify for confirmation.

The principle was stated clearly as follows: "The language in amended section 1325(a) of [BAPCPA], ...which addresses the components necessary to confirm a plan, reinforces the importance of maintaining the creditor's lien rights. Unlike the previous section 1325, the new language seems to require that payments made after confirmation be in equal amounts and keep pace with depreciation during the term of the plan." *AmeriCredit Fin. Servs., Inc. v. Nichols (In re Nichols),* 440 F. 3d 850, 857 n.6 (6th Cir. 2006); *see also In re DeSardi,* 340 B.R. 790, 2006 WL 1061893, at *13 (bankr. S.D. Tex 2006)("The Court understands [§ 1325(a)(5)(B)(iii)(I)] to require payments to be equal once they begin, and to continue to be equal until they cease.").

For the foregoing reasons, the Debtor's Plan does not qualify for confirmation. Moreover, the Debtor's financial circumstances preclude him from filing an Amended Plan that would survive an Objection. For the following

3

reasons, the Debtor's Plan can be denied confirmation as a matter of law prior to the scheduled confirmation hearing, an Order of Dismissal should be entered unless the Debtor shows cause why the case should not be dismissed. The reason Richland Bank makes this request is because the Debtor has no way to file a confirmable plan unless his financial circumstances change so dramatically that the Richland Bank first mortgage loan can be paid in full within the term of his Chapter 13 proceeding.

Respectfully submitted,

ERIC S. MILLER (#0003166)
Attorney for Plaintiff
13 Park Avenue West, Ste. 608
Mansfield, Ohio 44902
Telephone: (419) 522-6262
Email: ericmiller@neo.rr.com

4

PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Default Judgment and Affidavit were served by e-mail and regular U.S. Mail, this 25th day of September, 2017 to the following at their last known address:


Joseph A. Cipriani
2026 Graham Road
Lexington, Ohio 44904

R. Joshua Brown
32 Lutz Avenue
Lexington, Ohio 44904
*via e-mail: bk.joshbrown@gmail.com*

Toby L. Rosen
Toby L. Rosen, Trustee
400 W. Tuscarawas Street
Citizens Bank Bldg., 4th Floor
Canton, Ohio 44702

Ohio Homeowners Assistance LLC
88 E. Broad Street, Ste. 1800
Columbus, Ohio 43215

_____
ERIC S. MILLER
Attorney for Plaintiff

5

# CHICAGO TITLE INSURANCE COMPANY

94975

7248435-210717696

# PRELIMINARY JUDICIAL REPORT

### SCHEDULE "A"

### LEGAL DESCRIPTION

PROPERTY ADDRESS: 2026 Graham Road, Lexington, OH 44904

DEED REFERENCE(S): Official Record Volume 2152, Page 144

Situated in the Township of Troy, County of Richland, State of Ohio, and being a part of the Northwest Quarter of Section 11 of Township 20 of Range 19 more particularly described as follows: Commencing for the same at a Railroad spike found marking the Southeast corner of said Northwest quarter; thence North 03 degrees 29 minutes 15 seconds East with the East line of said quarter. The same being the centerline of Graham Road (TH 141) a distance of 185.89 feet to the Northeast corner of an existing parcel owned by T & M Leatherow (ORV 503/233) the Place of Beginning; Thence North 84 degrees 52 minutes 46 seconds West with the North line of said parcel, passing an iron pin found for reference at 28.26 feet, a distance of 594.00 feet to an iron pin found on an Easterly line of an existing parcel owned by the City of Mansfield (274/57); thence North 03 degrees 29 minutes 15 seconds East with said Easterly line, a distance of 90.00 feet to an iron pin set marking the Southwest corner of an existing parcel owned by D & C Arnett (870/681); Thence South 84 degrees 52 minutes 46 seconds East with the South line of said parcel passing an iron pin found for reference at 565.89 feet a distance of 594.00 feet to a point on the said centerline of Graham Road; thence South 03 degrees 29 minutes 15 seconds West with said centerline a distance of 90.00 feet to the Place of Beginning containing 1.227 acres according to survey by Warne R. Clancy, Professional Surveyor #7178, on April 2, 2003. The iron pin set is a #5 rebar with a cap stamped "Clancy 7178". Bearings are based on Survey D-133.

Permanent Parcel # 047-26-061-08-000

NEW SURVEY
OF EXISTING PARCEL
RICHLAND COUNTY
TAX MAP OFFICE

INITIAL   DATE

R-76