**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:53 PM December 29, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JOSEPH A. CIPRIANI | ) | CASE NO. 17-61982-rk |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

On September 25, 2017, creditor Richland Bank ("Creditor) objected to the confirmation of the Chapter 13 plan ("plan") of debtor Joseph A. Cipriani ("Debtor"). On November 29, Debtor responded to the objection. A hearing was held on November 29, 2017. At the hearing, R. Joshua Brown represented Debtor, and Eric S. Miller represented Creditor. At the hearing, the court took under advisement the issue of whether Debtor would be able to fund a plan in compliance with the law. The court now decides Creditor's objection.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

Creditor Richland Bank holds a first mortgage on Debtor's residence at 2026 Graham Road, Lexington, OH. The residence is the only security. Debtor discharged his debt to Creditor in a previous Chapter 7 proceeding in this court, case no. 08-60938. Discharge was granted in that case on July 23, 2008. Debtor did not reaffirm his mortgage indebtedness with Creditor.

Debtor became delinquent in his mortgage payments beginning in 2011. Creditor filed for foreclosure on the property in the Richland County Court of Common Pleas, case no. 2012-CV-0009H, on January 23, 2012. The foreclosure was referred to mediation, where the matter was resolved, and a consent Judgment Order of Sale was filed on May 9, 2012. Debtor claims to have followed the terms of the mediation settlement, and the foreclosure action was subsequently dismissed.

Though Debtor has no personal liability to Creditor, Creditor has an *in rem* judgment against Debtor's residence, per Richland County Common Pleas Court case no. 2017-CV-0134R. The judgment is in the amount of $86,810.28 plus interest at 4.875% per annum from February 2, 2017, plus court costs. A judgment decree of foreclosure was rendered in that case, and the Richland County sheriff was to schedule a foreclosure sale.

Creditor argues that because Debtor himself no longer owes the debt personally, he cannot reinstate it. Even if he had the ability to pay Creditor the $12,000 in alleged arrears during the life of the plan, in addition to monthly mortgage payments, Creditor claims it would not be enough to satisfy the mortgage in full during that time period. Creditor cites to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") for the requirement that the lien must be paid in full within the life of the plan, in equal monthly installments, or else the plan cannot be confirmed.

Debtor filed his Chapter 13 petition and plan on September 6, 2017. Debtor suffered a heart attack in late February/March of 2016, which left him without income until he began to receive Social Security disability payments in September of that year. Debtor claims that he now has sufficient income to fund the plan, which is to be paid in monthly installments of $1,200, with $834.00 going to Creditor. Debtor has made all required payments since filing.

## LAW AND ANALYSIS

Even where a debtor's personal liability for a mortgage has been extinguished, a "lien created prior to the bankruptcy to secure the debt will survive" discharge. In re Geiger, 260 B.R

2

83, 88 (Bankr. E.D. Pa. 2001). Thus, a debtor may include repayment of such a surviving mortgage lien in a Chapter 13 plan, with the lien considered a "claim" under the Bankruptcy Code. In re Wagner, 342 B.R. 766, 770 (Bankr. E.D. Tenn. 2006). Under 11 U.S.C § 1325(a)(5)(B), the plan must provide that the holder of a secured claim will retain the claim until either the debt is paid in full, or discharge occurs. Per the Wagner court: "In order to obtain confirmation, the Debtor's plan must provide for equal monthly payments to [Creditor] over the life of the plan until the lien claim is satisfied." Wagner, supra, at 772. As defined by the Bankruptcy Code, a discharge operates as an injunction against only a creditor's ability to proceed against a debtor *personally*, leaving unimpaired the right to proceed against the debtor's property *in rem*. HSBC Bank USA, N.A. v. Blendheim (In re Blendheim), 803 F.3d 477, 494 (9th Cir. 2015). Though Debtor's previous Chapter 7 discharge wiped out his personal liability for the mortgage, Creditor later obtained its *in rem* judgment claim on Debtor's property. With discharge unavailable as a means of extinguishing Creditor's claim, given that discharge cannot enjoin *in rem* property rights, Debtor's only option for a viable plan is thus to pay the mortgage in full during the life of the plan.

A debt qualifies as a "long-term debt" if its last payment will come due after the final payment within the plan. First Am. Title Ins. Co. v. Nation (In re Nation), 352 B.R. 656, 665 (Bankr. E. Tenn. 2006).   Unlike the typical case, here Debtor no longer has a personal liability for the mortgage, and is not making payments, as the note no longer exists. Creditor's claim is not a "long-term debt", as there is no expectation of a payment outside of the plan. Thus, he must complete payment in full within the life of the plan. A Chapter 13 plan "may not exceed five years under any circumstances." In re Grant, 428 B.R. 504, 507 (Bankr. N. Ill. 2010), quoting In re Chappell, 984 F.2d 775, 780 (7th Cir. 1993). Debtor's plan proposes a monthly payment of $834 towards Creditor's lien claim. Creditor's lien claim, per the judgment entry in the 2017 foreclosure case, is worth $86,810.28, plus interest at a rate of 4.875% per year, plus court costs. Debtor's plan establishes monthly payments for a minimum of 36 months, but even if the plan should be amended to the full 60 months allowable instead, Debtor will still be unable to pay Creditor's claim in full in five years' time. A 60-month plan with monthly payments of $834 will only result in a total payment of $50,040, which will not satisfy the claim; indeed it will not even reach the current value of the property in question, which is listed on Debtor's petition as $58,570.00.

Accordingly, confirmation of Debtor's plan is **DENIED**.

An order will issue with this opinion.

#            #            #

**Service List:**

**Joseph A. Cipriani**
2026 Graham Road

3

Lexington, OH 44904

**R. Joshua Brown**
32 Lutz Avenue
Lexington, OH 44904

**Toby L. Rosen**
400 W. Tuscarawas Street
Citizens Bank Bldg., 4th Floor
Canton, OH 44702

**Eric S. Miller**
13 Park Avenue West
Suite 608
Mansfield, OH 44902

17-61982-rk    Doc 26    FILED 12/29/17    ENTERED 12/29/17 15:55:21    Page 4 of 4