IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER 13 PROCEEDING** |
| **JOESPH A. CIPRIANI** ) | |
| ) | **CASE NO. 17-61982** |
| ) | |
| ) | **JUDGE RUSS KENDIG** |
| **DEBTOR.** ) | |

**DEBTOR'S RESPONSE TO OBJECTION TO THE DEBTOR'S AMENDED PLAN**

Now comes counsel for debtor and responds as follows to the objection filed by Richland Bank, a Division of the Park National Bank (hereinafter Richland Bank). Richland Bank alleges Debtor's payments are insufficient to pay off the mortgage through the life of the plan. Debtor is proposing to pay $1,454.70 to Richland Bank monthly. This will total $87,282.00 to Richland Bank over the 60 month period. Richland Bank has not yet filed a Proof of Claim so debtor is unable to calculate exactly what his payment needs to be. Debtor's payment was calculated based on the amount of the Judgment.

Since the filing of Debtor's petition, Debtor has timely made all required payments and is willing to make a good faith effort to be successful in his Chapter 13 plan to save his residence. The trustee's office has funds available to begin paying Richland Bank once they file a Proof of Claim. Debtor's son, and debtor's friend, will provide income to fund the increase.

Counsel for Richland Bank alleges debtor is only proposing to pay $53,823.86 to Richland Bank through the life of the plan. Software used by debtor's counsel inserted the $53,823.86 based upon a three year plan (Debtor is under the median income). Debtor's proposed plan is for five years which will pay Richland Bank in full as required by the court's Memorandum of Opinion filed December 29, 2017.

Accordingly, and based upon the foregoing, Debtor respectfully request the Objection to the Debtor's Plan filed by Richland Bank be overruled and the Chapter 13 not be dismissed.

Further, Debtor respectfully requests Richland Bank be required to file a Proof of Claim prior to the bar date of February 5, 2018 in order for the trustee to begin sending payments on hand and to allow Debtor to clearly see what is owed to Richland Bank. If no proof of claim is filed by Richland Bank by the bar date, counsel for debtor will submit one to the court.

Respectfully submitted,

/s/ R. Joshua Brown
R. Joshua Brown (0008452)
Attorney for Debtor
32 Lutz Avenue
Lexington, OH 44904
T:(419) 884-0655/F:(419) 884-3416
Bk.joshbrown@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 22, 2018, a true and correct copy of the Debtor's Response to Objection to the Debtor's Plan was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Toby L. Rosen, lweir@chapter13canton.com
Eric Miller, Esq, ericmiller@neo.rr.com

/s/ R. Joshua Brown
R. Joshua Brown   (0008452)
Attorney for Debtor